UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SIDNEY SIMIEN** | : | **DOCKET NO. 04-2265** |
| **VS.** | : | **JUDGE MINALDI** |
| **KENNETH APFEL, COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Presently before the court is Plaintiff's Motion for Attorney Fees and Expenses Under EAJA (Equal Access to Justice Act, 28 U.S.C. § 2412(b), filed on January 19, 2007 [doc. # 15]). This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

By judgment dated October 17, 2005, the Plaintiff prevailed in his lawsuit against the Commissioner of Social Security, and the decision of the ALJ was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). A Plaintiff who qualifies as a prevailing party is entitled to reasonable attorneys' fees and costs. 28 U.S.C. § 2412. The Plaintiff's attorney therefore seeks payment totaling $13,720 (Motion ¶ 3), for 68.60 hours worked (Itemized Statement of Time and Request for Attorney Fees [doc. # 15-2]), plus $ 707.10 for expenses (Itemized Statement of Expenses [doc. # 15-2]). The Plaintiff's Motion does not state the hourly fee, but presumptively it is $200.00 per hour.

Acting Commissioner Linda S. McMahon filed her opposition to the motion on January 26, 2007 (*See*, Commissioner's Response to Plaintiff's Motion for Attorney's Fees Under the

Equal Access to Justice Act [doc. # 17]), stating that as the Plaintiff's motion for fees and expenses was untimely filed, the motion should be denied.

The time for filing a reply has elapsed, and the matter is now before the court.[1]

Eligibility for an award of fees and expenses under the EAJA requires, *inter alia*, that the fee application be submitted within thirty (30) days of a final judgment in the action. 28 U.S.C. §2412(d)(1)(b); *Commissioner, INS v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L. Ed 2d 134 (1990). The EAJA defines "final judgment" as a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). The United States Supreme Court has interpreted "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) as "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan,* 501 U.S. 89, 102, 111 S.Ct. 2157, 115 L. Ed. 2d 78 (1991).

When the United States is a party, the time to appeal the judgment is within sixty (60) days after the judgment is rendered. Fed. R. App. P. 4(a)(1), (7). At the expiration of the appeal period, the thirty (30)-day EAJA clock begins to run. *Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993). Therefore, the Plaintiff's application for fees must be filed within ninety (90) days of the judgment. *Brown (Willadsen) v. Shalala*, 859 F. Supp 1304 (E.D. Cal. 1994). The time limitation is a jurisdictional prerequisite to governmental liability for attorney fees. *Carter v. Bowen,* 733 F. Supp 1084 (S. D. Miss. 1990) *citing Clifton v. Heckler*, 755 F.2d 1138, 1144 (5th Cir. 1985); since the EAJA is a waiver of the government's sovereign immunity, it must be strictly construed. *Id.* Furthermore, the filing deadline is to be strictly enforced. *Id.* at 1145.

---

[1] The court observes that Plaintiff filed no reply to the Commissioner's Response, and that this motion was not accompanied by a memorandum explaining the extensive delay in filing for fees, or the hourly amount sought, as it is greater than that allowed by statute, as required by 28 U.S.C. § 2412(d)(1)(D)(2)(A)(ii).

The Fifth Circuit has held that "a claimant's failure to file an EAJA application within [ninety days of the Court's judgment] precludes a district court from considering the merits of the fee application." *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) citing *Myers v. Sullivan*, 916 F.2d 659,666 (11th Cir. 1990).

In the instant case, judgment was rendered on October 17, 2005 [doc. # 14] when the district judge remanded the case for further administrative proceedings.  The clock then began to run on the sixty-day appeal period, and following the expiration of the appeal period, the clock began to run on the thirty-day EAJA fee filing period.  This period ended presumptively on or about January 16, 2006.  However the Plaintiff did not file his EAJA application by that date.  In fact, the Motion for Fees was filed on January 19, 2007, more than a year after the fee filing period had run.  As EAJA must be strictly construed and strictly enforced, the Plaintiff's Motion for Fees is deemed untimely filed.

Accordingly, it is recommended that Plaintiff's application for attorney's fees be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

**CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, on March 8, 2007.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE